IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David G. Oppenheimer, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-07719 |
| Zencity, Inc., Gary J. Filipp, Christopher Lawrence, and Collin S. Taylor, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David G. Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys, ZLATKIN WONG LLP, for his complaint against Defendants Zencity, Inc., Gary J. Filipp, Christopher Lawrence, and Collin S. Taylor (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, as well as for knowing removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA").

**THE PARTIES**

2. Oppenheimer is an individual who is actively engaged in the business of licensing photography and who resides in Asheville, North Carolina.

3. Defendant ZENCITY, INC. is a Delaware corporation with an office to do business in Cook County, Illinois. Before being converted into a Delaware corporation effective August 5,

2019, such entity operated as an Illinois limited liability company called "FT Financial Partners, LLC," which was formed on April 6, 2016 (such entity, before and after conversion, "Zencity").

4. Gary J. Filipp ("Filipp") is an individual residing in Cook County, Illinois, and is a co-founder and officer of Zencity.

5. Christopher Lawrence ("Lawrence") is an individual residing in Cook County, Illinois, and is a co-founder and officer of Zencity.

6. Collin S. Taylor ("Taylor") is an individual residing in Cook County, Illinois, and is a co-founder of Zencity and, at all relevant times, was an officer of Zencity until around January 2020.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

11. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton,

Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places.

12. Oppenheimer has over the years done business through his own name as well as in the form and style of "Performance Impressions, LLC," which is a North Carolina limited liability company in good standing.

13. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

14. Upon information and belief, Zencity is a real estate property manager operating in several metropolitan area markets, including in and around Chicago, Illinois. Zencity does so by operating the website https://www.livezencity.com. Prior to early 2018, however, Zencity (or Zencity's predecessors-in-interest) operated Zencity's business through the website https://chicagoanhospitality.com ("Chicagoan Hospitality"). Screenshots evidencing that Zencity is either the original owner of or the successor-in-interest to Chicagoan Hospitality are attached hereto as Exhibit A.

### Oppenheimer Creates, Registers, and Publishes the Photograph

15. In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of the Hyde Park neighborhood ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture Hyde Park.

16. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "East_Hyde_Park_Chicago_aerialdsc_0470.jpg" – is registered with the United

States Copyright Office as part of the collection *Chicago Travel and Aerial Photographs Including the Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit B. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit C.

17. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions, LLC website, where Oppenheimer makes his works available for print sales and licensing. As is his pattern and practice, the published version of the Photograph contained copyright management information under 17 U.S.C. § 1202(c) ("CMI"), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. CMI in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit D hereto bearing this subsequently added CMI on the face of the Photograph. Exhibit E, attached hereto, shows that Oppenheimer's CMI is clearly imbedded in the metadata of the Photograph and the thorough and detailed information contained therein.

18. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

19. Since the date of registration, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

20. Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

### Defendants Use the Photograph Without Authorization

21. Upon information and belief, in 2017, one or more of the Defendants obtained the published version of the Photograph, uploaded modified copies of the Photograph through Chicagoan Hospitality, and used such copies in connection with advertising of Zencity's services with respect to the Hyde Park neighborhood. Specifically, the Photograph appeared at least as recently as December 27, 2017, on Defendant's website on the page with the heading "Hyde Park - CHICAGOAN" at the following URL: http://chicagoanhospitality.com/neighborhoods/hyde-park/ ("Chicagoan Hospitality Hyde Park Webpage"). A copy of a screenshot of the Chicagoan Hospitality Hyde Park Webpage containing unauthorized use of the Photograph is attached hereto as Exhibit F.

22. Separate of the Chicagoan Hospitality Hyde Park Webpage, the Photograph was accessible through Chicagoan Hospitality at the following URLs:

- https://static1.squarespace.com/static/577c99f7c534a5bc31225cef/t/594599d0f5e23117fe3952ad/1497733590179/Hyde+Park+Aerial2.jpg?format=2500w

- https://static1.squarespace.com/static/577c99f7c534a5bc31225cef/t/594599d0f5e23117fe3952ad/1497733590179/Hyde+Park+Aerial1.jpg?format=2500w

(collectively, "Image URLs"). A copy of the Photograph contained at one of the Image URLs, as available at least as recently as December 27, 2017, is attached hereto as Exhibit G.

23. The copies of the Photograph on the Chicagoan Hospitality Hyde Park Webpage and the Image URLs did not contain Oppenheimer's copyright notice watermark on the face of the Photograph. The metadata for the Photograph was significantly altered for the Image URLs, as set forth in more detail below.

24. Oppenheimer discovered Defendants' uses of the Photograph on December 27, 2017.

25. In October and November 2020, Oppenheimer, through his attorneys, had proposed to Zencity and Filipp to enter into a tolling agreement to toll the impending statute of limitations to Oppenheimer's claims against the Defendants (for purposes of engaging in continued settlement discussions), but Zencity and Filipp did not respond to Oppenheimer's invitation to do so.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

26. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–25 of this Complaint.

27. Plaintiff owns the exclusive rights to the copyrighted Photograph.

28. Upon information and belief, one or more of the Defendants published, copied, and displayed the Photograph on the Chicagoan Hospitality Hyde Park Webpage and the Image URLs.

29. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

30. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

31. Defendants infringed Plaintiff copyright in the Photograph in violation of 17 U.S.C. § 501.

32. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

33. Plaintiff is informed and believes and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

34. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

35. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendant, pursuant to 17 U.S.C. § 505.

### SECOND CLAIM FOR RELIEF
### Vicarious Copyright Infringement
### (In the Alternative Against Filipp, Lawrence, and Taylor)

36. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

37. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time Zencity performed the infringing acts, (a) Filipp was the president, co-founder, director, manager, head of growth, and/or other genre of principal of Zencity, (b) Lawrence was the head of operations, co-founder, director, manager, and/or other genre of principal of Zencity, and (c) Taylor was a manager, co-founder, and/or other genre of principal of Zencity.

38. Upon information and belief, Filipp, Lawrence, and Taylor controlled nearly all decisions of Zencity, and were the dominant influences of the company. Filipp, Lawrence, and Taylor provided hands-on decision making with respect to the activities of Zencity, making most of the decisions of the company. Filipp, Lawrence, and Taylor had the right and ability to supervise and/or control this infringing conduct of Zencity, and/or to stop the infringements once they began. Upon information and belief, Filipp, Lawrence, and Taylor each had an obvious and direct financial interest in these infringing activities of Zencity, because Zencity's use of the Photograph on the Chicagoan Hospitality Hyde Park Webpage advertised and promoted the services of Zencity, encouraging website viewers to purchase and use Zencity's services. Infringement of the Photograph allowed Defendants to more effectively promote and sell Zencity's services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of Zencity. Accordingly, Filipp, Lawrence, and Taylor are personally liable to Oppenheimer as joint and/or contributory infringers, or are otherwise vicariously liable for the actions of Zencity.

### THIRD CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against Filipp, Lawrence, and Taylor)

39. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

40. Alternatively, Filipp, Lawrence, and Taylor have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

41. Upon information and belief, Filipp, Lawrence, and Taylor at all relevant times were the dominant influences in Zencity. Each provided hands-on decision-making with respect to the activities of the entity, set and control the company's policies and protocols, and established

corporate rules and cultures which encouraged the infringing activities. Filipp, Lawrence, and Taylor therefore had the right and ability to supervise and/or control the infringing conduct of Zencity – and of Zencity's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Filipp, Lawrence, and Taylor had an obvious and direct financial interests in the infringing activities of the company they ran.

42. Accordingly, Filipp, Lawrence, and Taylor are personally liable to Oppenheimer as contributory infringers for the infringing activities of Zencity.

## FOURTH CLAIM FOR RELIEF
### Removal or Alteration of Copyright Management Information Under Section 1202(b) of the Copyright Act
### (Against All Defendants)

43. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

44. Upon information and belief, Defendants intentionally and willfully removed or altered the Plaintiff's copyright management information for the Photograph, without obtaining authorization from Plaintiff.

45. The published version of the Photograph contained copyright management information within the digital file of the Photograph, including identifying metadata and, *inter alia*, the identification of the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2015 David Oppenheimer" on the Photograph itself.

46. Upon information and belief, one or more of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Oppenheimer's facial CMI, and significantly altering Oppenheimer's CMI in the metadata of the

Photograph, such that third parties viewing the metadata could not see the extensive instructions relating to the reservation of rights by Oppenheimer in the Photograph. Exhibit H, attached hereto, shows the metadata with altered CMI, as contained in the Image URLs. Notably, while the altered metadata still contained the phrase "© 2015 David Oppenheimer" (further reinforcing that Defendants had notice of Oppenheimer's rights), the altered metadata had removed instructions stating that a written license was required for use of the Photograph, Oppenheimer's contact information, and other relevant information relating to management of Oppenheimer's copyrights in the Photograph.

47. Such actions further demonstrate Defendants' willful infringement of the Photograph.

48. The aforesaid actions, including without limitation each copy created on the Image URLs, constitute violations of Section 1202(b) of the Copyright Act.

49. Upon information and belief, Defendants knew or had reasonable grounds to know that by concealing the Plaintiff's copyright management information, that Defendants would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's Photograph.

50. Upon information and belief, Defendants intentionally or knowingly concealed the Plaintiff's copyright management data as aforesaid, in order to conceal that Defendants' use of the Photograph was without the authorization of Plaintiff and in violation of law.

51. As a result of Defendants' actions with regard to the Plaintiff's copyright management information, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

52. As a result of Defendants' actions with regard to the Plaintiff's copyright management information, Plaintiff is entitled to damages in the form of actual or statutory damages

pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

53. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

1. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, performing, or making derivative works of the Photograph;

2. That Defendants be required to perform a complete and full accounting of all profits generated by all Defendants from the Photograph;

3. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by all Defendants from any of the Defendants' acts of copyright infringement;

4. Pursuant to 17 U.S.C. § 504, that upon Plaintiff's election, Defendants be required to pay statutory damages up to $150,000 for each work infringed for Defendants' acts of copyright infringement and, in the event that the factfinder determines that Defendants' infringement was

not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by any of the Defendants;

5. Pursuant to 17 U.S.C. § 1203(c)(2), that Defendants be required to pay actual damages and disgorgement of all profits derived by all Defendants from any and all of the Defendants' violations of Plaintiff's rights under the DMCA;

6. Pursuant to 17 U.S.C. § 1203(c)(B), that upon Plaintiff's election, Plaintiff be awarded the maximum statutory damages of $25,000 for each individual violation of the DMCA;

7. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)–(5), Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

8. Such other and further relief as the Court shall find just and proper.

Dated: December 23, 2020

Respectfully submitted,

**ZLATKIN WONG LLP**

By: ___/s/ Ilya G. Zlatkin___

Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN WONG LLP
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zlatkinwong.com

*Attorney for Plaintiff David G. Oppenheimer*